■ In the Matter of TENNECO, INC.—TENNESSEE GAS PIPELINE DIVISION, Appellant, v TOWN OF CAZENOVIA et al., Respondents.—Kane, J. P. Appeal from a judgment of the Supreme Court (Kepner, Jr., J.), entered September 3, 1986 in Madison County, which denied petitioner's application, in a proceeding pursuant to RPTL article 7, to reduce petitioner's real property tax assessment for the 1981-1982 tax year.

The significant facts and circumstances of this matter are set forth in the decision of this court upon a prior appeal, wherein we remitted the matter for the sole purpose of fixing the proper depreciation rate to determine the value of petitioner's property for tax purposes (104 AD2d 511). At trial, upon remittal, petitioner called A. W. Peabody, an electrical engineer and recognized eminent authority on the subject of pipeline corrosion specializing in the cathodic protection of pipelines. After a number of field tests, Peabody concluded that the prudent life consideration of the subject 4.62 miles of pipeline in the Town of Cazenovia, Madison County, is in the range of 30 to 35 years and anything beyond that period would be a matter of conjecture and risk. Robert McSwain, the real estate appraiser who testified at the previous trial and whose appraisal report was admitted into evidence at that time, reaffirmed his prior testimony and, after hearing petitioner's evidence on remittal and reading the current Peabody report, concluded that a depreciation rate of 80% should be applied to the subject property. Since the parties had stipulated that the reproduction cost of the 4.62 miles of pipeline was $1,800,000, McSwain arrived at a value of $360,000 for tax purposes, adhering to his prior opinion of value.

Respondents presented the testimony of John F. Havemeyer, III, a real estate appraiser, who found a pipeline depreciation of 10% based upon his discussions with and the testimony of Dr. Robert Jelinek, who concluded that the life of the pipeline was virtually indefinite. This conclusion was founded upon soil tests performed by Jelinek and pipeline experiments conducted by the National Bureau of Standards. Accordingly, Havemeyer placed the value of the subject property at $1,620,000.

Petitioner also attempted to present evidence of a similar pipeline, part of the same transmission system in Chautauqua

County, which failed between the first and second trials and had been excavated by petitioner. Peabody prepared a comparison report made after he visited the Chautauqua site, examined the excavated pipe and conducted the same tests as performed at the Cazenovia site. His report was marked as an exhibit, but denied admission into evidence because of lack of similarity and upon the finding that such evidence was incompetent, irrelevant and immaterial. We view this as error. The Chautauqua pipeline was two inches greater in diameter, but had the same wall thickness. It was cathodically protected, but not wrapped or coated and was built one year earlier than the Cazenovia portion. The soil tests were somewhat different, but in Peabody's opinion, the soil difference was difficult to define and affected the pipeline "pretty much in the same fashion".

In our view, there is a sufficient similarity between the two sites to provide a basis for comparison and the Chautauqua report should have been received in evidence *(see,* Richardson, Evidence §§ 193, 194, at 168, 170 [Prince 10th ed]). The weight to be assigned to that evidence is a matter for the trier of the fact *(see, Bolm v Triumph Corp.,* 71 AD2d 429, 438-439, *lv dismissed* 50 NY2d 928). Moreover, in examining the record in its entirety, we conclude that it was error to adopt respondents' conclusion that the Cazenovia pipeline had a useful life of 300 years and had depreciated only 10% between 1951 and 1981. The disparity in the foundations for the expert proof between Peabody and Jelinek, as well as their respective professional qualifications, compels us to reject respondents' proof and accept that offered by petitioner. Since, under the circumstances, we may elect to weigh the conflicting evidence and grant the judgment which, based upon that evidence, should have been granted by the trial court *(Arnold v State of New York,* 108 AD2d 1021, 1023, *appeal dismissed* 65 NY2d 723), we reverse and direct judgment for petitioner.

Judgment reversed, on the law and the facts, without costs, petition granted and judgment directed fixing the assessed valuation of petitioner's 4.62 miles of pipeline in the Town of Cazenovia for the years 1981-1982 at the sum of $360,000. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.